# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS L. GREEN, | ) |
| Plaintiff, | ) )  )  ) |
| v. | ) Case No. 4:16-CV-1340 NAB )  ) |
| NANCY A. BERRYHILL, Deputy Commissioner of Operations, | )  )  ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Demetrius Green's application for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 416, 423 *et seq.* Green alleged disability due to lungs not functioning properly, lungs that are too small, obstructive sleep apnea, depression, hypertensive heart disease, hypercholesterolemia, and oxygen therapy. (Tr. 175.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.]

Green presents two errors for the Court's review. First, Green asserts that the administrative law judge's ("ALJ") residual functional capacity ("RFC") assessment is more restrictive than the hypothetical question posed to the vocational expert, and therefore, the ALJ erroneously relied upon the vocational expert's testimony. Second, Green asserts that the ALJ relied upon vocational expert testimony that lacked a sufficient basis. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed. The Court has reviewed the parties' briefs and the entire administrative record,

including the hearing transcript and the medical evidence. For the reasons set forth below, the Court will affirm the Commissioner's final decision.

## I. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)A), 423(d)(1)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant

2

satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 726 (8th Cir. 2004). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

**II.    Discussion**

Green contends that the ALJ improperly relied upon the vocational expert's testimony in formulating the RFC and identifying jobs that Green could perform, because the substance of that testimony did not constitute substantial evidence. The Court will review the vocational expert's testimony and then address the ALJ's use of that testimony in formulation of the RFC and whether there was a sufficient basis for the testimony.

A.  Vocational Expert Testimony and formulation of the RFC

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907.

After the administrative hearing (with testimony by Green and the vocational expert) and a review of the evidence in the record, the ALJ found that Green had the severe impairments of recurrent major depression, generalized anxiety disorder, an asthma variant, obstructive sleep apnea, and obesity. (Tr. 16.) Then, he determined that Green had the residual functional capacity to perform light work with the following limitations: (1) never climb ropes, ladders or scaffolds, (2) only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, (3) avoid concentrated exposure to fumes, odors, dust, and gases, and the extremes of heat, cold, and humidity, (4) avoid working at unprotected heights and around unprotected dangerous machinery; (5) limited to jobs that require only simple repetitive tasks, and (6) no close interaction with the general public. (Tr. 19.)

1.  Vocational Expert ("VE") Testimony

The relevant vocational expert testimony is as follows:

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

**ALJ**: Okay. All right. I'd like you to assume a hypothetical individual of Green's age, education, and work experience, and assume that person could lift 20 pounds on occasion, and ten pounds frequently, could stand and/or walk about six out of eight hours, and could sit at least six, and that the person should avoid climbing ladders, ropes, and scaffolds, but could occasionally climb ramps and stairs, and could occasionally stoop, kneel, crouch, and crawl. The person should avoid concentrated exposure to noxious fumes, odors, dusts, and gases, and also concentrated exposure to extreme heat, cold, and humidity, and the person should avoid working at unprotected, dangerous heights, and around unprotected dangerous machinery.

**VE**: I'm sorry, Your Honor, were you considering other parameters for this hypothetical?

**ALJ**: Yes, sorry about that.

**VE**: Okay. No worries. I didn't know if you were waiting on me to respond.

**ALJ**: Yes, I was just thinking. Also let's limit the individual to simple and/or repetitive work that doesn't require close interaction with the public. With those restrictions, would the hypothetical individual be able to perform any of the past work or other work?

**VE**: Yes, Your Honor. Let me check on one thing really quickly with respect to specifically the postural for this past work. One moment, please.

**ALJ**: Okay.

**VE**: Okay. That's kind of what I thought. No, sir, we would not have any past work remaining under this hypothetical; however, there would be other work.

**ALJ**: All right. Could you give me some examples, please?

**VE**: Most certainly. Okay. Just a second, please. All right. The first job is office helper, office helper, DOT number 239.567-010, and 1,810 in the State of Missouri, 83,250 in the nation, SVP 2, strength level light. Next job recreation aide, recreation aide, DOT number 195.367-030,

5

approximately 4,460 in the State of Missouri, 253,110 in the nation, SVP 2, strength level light. Is that sufficient, Your Honor, or shall I continue?

**ALJ**: Well, with regard to recreation aide, would that involve interaction with the public?

**VE**: Actually, you are correct. I wasn't – for some reason I wasn't thinking. Let me strike that example and let me give you another one.

**ALJ**: Okay.

**VE**: Photocopy machine operator, photocopy machine operator, DOT number 207.685-014, approximately 1,930 in the State of Missouri, 66,280 in the nation, SVP 2, strength level light. Shall I continue, Your Honor, or is that sufficient?

**ALJ**: I think that's sufficient. If we would assume hypothetically the person was limited to basically sedentary work, which would be maximum lift of ten pounds, and a maximum stand and/or walk of about two hours in an eight-hour workday, and leave all other restrictions the same as in the first hypothetical, would there be sedentary jobs that could be performed within those restrictions?

**VE:** Yes, there would, Your Honor. One moment, please. Okay. The first job then final assembler optical, final assembler optical, DOT number 713.687-018, approximately 460 in the State of Missouri, 235,910 in the nation, SVP 2, strength level sedentary. Next job semi-conductor bonder, DOT 726.685-066, approximately 550 in the State of Missouri, 21,720 in the nation, SVP 2, strength level sedentary.

(Tr. 56-59.)

### 2. Standard for Vocational Expert Testimony

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence, because the RFC does not exactly match the hypothetical question given to the vocational expert. In the hypothetical question to the vocational expert, the ALJ limits Green to "simple and/or repetitive

6

tasks." In the RFC determination, the ALJ stated that Green was limited to "simple, repetitive tasks." Plaintiff contends that this change *from either to both* made the RFC more restrictive than the hypothetical to the vocational expert; therefore, it is not supported by substantial evidence. Plaintiff asserts that this difference requires remand. The Commissioner responds that the vocational expert's testimony is consistent with application of the conjunctive "and" and therefore, the vocational expert's testimony is consistent with phrasing contained in the RFC.

An ALJ's hypothetical question must fully describe a claimant's impairments. *Chamberlain v. Shalala*, 47 F.3d 1489, 1495 (8th Cir. 1995). These impairments must be based on the "substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." *Jones v. Astrue*, 619 F.3d 963, 972 (8th Cir. 2010). If the hypothetical question is properly formulated, then the testimony of the vocational expert constitutes substantial evidence. *Roe v. Chater*, 93 F.3d 672, 676 (8th Cir. 1996).

A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F.3d 688, 694-695 (8th Cir. 1996). "An expert's testimony based upon an insufficient hypothetical question may not constitute substantial evidence to support a finding of no disability." *Newton*, 92 F.3d at 695. The testimony of a VE should be consistent with the Dictionary of Occupational Titles (DOT)[2]. *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 at *2 (December 4, 2000). Evidence from a VE can include information not listed in the DOT. SSR 00-4p at *2. This is because the DOT lists "maximum requirements of occupations" and "not the range of requirements" at any particular job or place. *Id*. at *3. A VE

---

[2] The Dictionary of Occupational Titles ("DOT") is a guide from the United States Department of Labor regarding job ability levels that has been approved for use in Social Security cases. *See Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998) (citing 20 C.F.R. § 404.1566(d)(1)); *Porch v. Chater,* 115 F.3d 567, 571 (8th Cir.1997)). "The DOT is the Commissioner's primary source of reliable job information. The Commissioner uses the DOT to classify occupations as skilled, semiskilled or unskilled." *Fines*, 149 F.3d at 895 (internal citations omitted).

may be able to provide more specific information about jobs or occupations than the DOT. SSR 00-4p at *3.

An error in posing the hypothetical question may be harmless, however, if there is no conflict with the VE's testimony and the DOT or there is no indication that the ALJ would have decided the case differently. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) (ALJ error harmless where ALJ misread doctor's handwriting regarding whether claimant could "walk" or "work," because no indication that ALJ's decision would be different had he read the doctor's note correctly); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (ALJ error in failing to ask VE about possible conflicts between testimony and DOT harmless, since no conflict existed).

In this case, the Court finds that the ALJ's change in phrasing does not require remand. Green states that because three of the four jobs identified by the vocational expert require Level 2 reasoning, the vocational expert would not have identified those jobs if she understood the ALJ was asking for jobs that were simple *and* repetitive. The Eighth Circuit ruling in *Moore v. Colvin*, 623 F.3d 599, 604 (8th Cir. 2010) is instructive here. In *Moore*, the Court emphasized that Level 2 reasoning requires that the worker, "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Moore*, 623 F.3d at 604. The court in *Moore* further held in that case, "there is no direct conflict between 'carrying out simple job instructions' for 'simple, routine repetitive work activity', as in the hypothetical and the vocational expert's identification of occupations involving instructions that, while potentially detailed, are not complicated or intricate." *Id.*

In this case, the ALJ's RFC determination and hypothetical to the vocational expert could encompass positions with both Level 1 and Level 2 reasoning positions. Green has not shown

that work at a Level 2 reasoning level could not be classified as simple. Therefore, the Court finds that the slight difference in phrasing in the ALJ's RFC determination and the hypothetical to the VE does not require remand.

### B. Vocational Expert Opinion on matters outside the DOT

In Green's second point of error, he asserts that the ALJ could not rely upon the vocational expert's testimony, because the vocational expert did not provide a sufficient basis for her opinions regarding information not addressed in the DOT.

Plaintiff's argument has been foreclosed by the Eighth Circuit's recent decision in *Courtney v. Commissioner*, 894 F.3d 1000, 1004 (8th Cir. 2018), which holds that there is no requirement that an ALJ inquire as to the precise basis for the expert's testimony regarding extra-DOT information. In *Courtney*, the Eighth Circuit addressed and rejected the same arguments that Plaintiff relies upon in this case. Therefore, Plaintiff cannot obtain relief on this claim.

## IV. Conclusion

For reasons set forth above, the Court affirms the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. 1, 16, 23.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 5th day of September, 2018.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE